PABLO DE JESÚS ET AL., Plaintiffs and Appellants, *v.* José DEMETRIO DE JESÚS-BORRÁS ET AL., Defendants and Appellees.

No. 3894.    Argued June 15, 1927.—Decided July 13, 1927.

*Rafael Sancho Bonet* for the appellants.    *Félix Susoni* and *Simón Large* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Demetrio de Jesús died on September 14, 1891, and thirty-two years thereafter, or on July 11, 1924, the plaintiffs filed in the District Court of Arecibo the complaint in the present case in revendication of two properties described therein and situated in the ward of Hato Viejo of Arecibo. It was alleged that Demetrio de Jesús had been the owner and possessor of the two properties up to the time of his death, since when they had been in the possession of the defendants; that Demetrio de Jesús died single, without legitimate or natural descendants and without ascendants, for which reason the properties passed to his four legitimate brothers, of whom the plaintiffs are the heirs, and that on September 10, 1921, or four days before the expiration of thirty years from the death of Demetrio de Jesús, the plaintiffs brought an

action against the defendants in the District Court of San Juan for the recovery of the said properties.

The defendants demurred to that complaint on the ground that the action of revendication set up therein was barred by limitation, and after sustaining the demurrer the court dismissed the complaint, from which judgment the plaintiffs took the present appeal.

Section 1864 of the Civil Code provides that real actions with regard to real property prescribe after thirty years. Section 1862 provides that actions are prescribed by the mere lapse of time specified by law. Section 1870 provides that the time for the prescription of all kinds of actions, when there is no special provision to the contrary, shall be counted from the day on which they could have been instituted. According to these statutes, if the complaint did not contain another essential allegation, the revendicatory action brought by the appellants in the present case would have been barred when they filed their complaint in 1924, because at that time more than the thirty years allowed by law within which to bring a revendicatory action for real property had expired, counting from 1891 when the rights asserted by the appellants in the properties which had belonged to Demetrio de Jesús accrued, for it was from that date that they could have brought their action. But as it is also alleged in the complaint that on September 10, 1921, before the expiration of the thirty years prescribed by law for bringing the action, they had sued the defendants to recover the properties, we shall have to consider the legal effect of that fact.

The Civil Code devotes one chapter to the prescription of ownership and other real rights, with certain rules in regard to the interruption of that prescription, and another chapter to the prescription of actions which also contains rules for the interruption of their prescription. They are two different kinds of prescription. By the first a right is

acquired which did not exist before, and by the second existing actions prescribe. Therefore, their rules are different and those relating to the interruption of acquisitive prescription can not be applied to the interruption of extinctive prescription, as was declared by the Supreme Court of Spain in a judgment of January 4, 1901, when it held that the provisions of section 1964 (corresponding to our section 1847) as regards the lack of effect of the judicial interruption of acquisitive prescription, if the plaintiff should withdraw his complaint or permit the proceedings to lapse, did not apply to extinctive prescription, "because neither the letter nor the spirit of section 1973 (corresponding to our 1874) allows it to be construed in the sense that by virtue thereof the action might be lost."

In the case under consideration extinctive prescription of the action is the question.

According to our section 1874, prescription of actions is interrupted by their institution before the courts, by extra-judicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor. Therefore, it being alleged in the complaint that before the expiration of the thirty years prescribed by law as the time within which to bring a revendicatory action for real property the plaintiffs sued the defendants to recover the properties, it becomes evident that the prescription of the action was interrupted by the mere act of filing the complaint, and that interruption has for its effect that the time for the prescription must begin to be computed again. In this connection Manresa in his Commentaries on the Spanish Civil Code, Vol. 12, p. 906, says: "The interruption of extinctive prescription is effectively produced of course by the presentation or filing of the complaint or by any other act by which the action, which otherwise might prescribe, is prosecuted, and by virtue thereof the time of prescription must be computed again from the cessation of the effects thereof, either by the voluntary withdrawal

of the plaintiff, or extinguishment of the action, or by judgment rendered therein, and the time prior to the interruption shall not be added to that running thereafter.''

In the American Digest, Century Edition, p. 931, we find the following: ''A suit does not interrupt prescription only while it lasts. Once interrupted, the previous time can never afterwards be computed to make up the time necessary to prescribe, which recommences only from the cessation of the interruption. *Riviere* v. *Spencer,* Mart. (O. S.) 83.'' In 13 Philippines Jurisprudence, p. 70, it was held that the dismissal of an action has no importance according to section 1973 of the Civil Code; and in the case of *Marella* v. *Argonsillo,* 44 Philippines Jurisprudence, p. 903, it was held that the cause of action having accrued before 1901 when the Code of Civil Procedure was enacted, it was not applicable to actions which had accrued before, and that according to section 1973 (the same as our 1874), although the action had accrued in 1897, as the extrajudicial claim had been made in 1910, the action can not be considered as having prescribed because fifteen years had not elapsed from the claim until 1913 when the complaint was filed.

Therefore, as the complaint alleges that in 1921, before the expiration of the thirty years allowed by law for bringing this action, a complaint was filed in a court against the defendants for the recovery of the properties, and, as provided in section 1874 of our Civil Code, we have to come to the conclusion that the action in this case is not barred, for the prescription which began to run in 1891 had been interrupted in 1921, notwithstanding the doctrine established in *González* v. *San Juan L. & T. Co.,* 17 P.R.R. 115, cited by the appellees.

The judgment must be reversed and the case proceeded with.

Mr. Chief Justice Del Toro took no part in the decision of this case.